UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOUGLAS D. JACKSON,                )
                                   )
            *Petitioner,*          )
                                   )
      vs.                          )      CAUSE NO. 3:15-CR-6 RLM
                                   )      (Arising from 3:17-CV-885 RLM)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            *Respondent.*          )

OPINION AND ORDER

Douglas Jackson was convicted of three counts of transporting a minor in interstate commerce with the intent that she engage in illegal sexual activity, see 18 U.S.C. § 2423(a), three counts of sex trafficking of a minor, see 18 U.S.C. § 1591(a), and one count of possessing a firearm in furtherance of a crime of violence (sex trafficking of a minor), see 18 U.S.C. § 924(c). This Court sentenced Mr. Jackson to a term of 295 months' imprisonment. Mr. Jackson appealed his sentence and his conviction regarding the one count of possessing a firearm in furtherance of a crime of violence. That appeal process is still pends, but Mr. Jackson now asks that the court vacate the entirety of his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 109]. For the following reasons, Mr. Jackson's motion is denied.

I. BACKGROUND

In May 2014, Mr. Jackson met J.T., a minor, at a high school party in South Bend, Indiana. J.T. was fifteen and Mr. Jackson was twenty-five. Mr. Jackson asked J.T. if she was interested in making some money, but he didn't say how. Shortly thereafter, on June 6, 2014, Mr. Jackson drove J.T. from South Bend, Indiana to Atlanta, Georgia. When in Atlanta, Mr. Jackson used his cell phone and a prepaid credit card to post an ad in the Atlanta section of the classified advertising website "Backpage.com," which contained an adult section advertising different categories of sex work.

The Backpage.com ad "displayed the title, 'Sexy star beautiful mixed puerto rican in town looking for a great time.'" The phone number listed on the ad was connected to a prepaid flip phone that Jackson had bought. He used this number to text customers, and J.T. engaged in sex acts for money with these customers while in Atlanta. Mr. Jackson and J.T. made similar trips from South Bend to Louisville, Kentucky and Grand Rapids, Michigan.

While in Grand Rapids, Mr. Jackson and J.T. were arrested in a motel parking lot. During the arrest, police identified a box of condoms and a firearm for which Mr. Jackson had an Indiana permit. After their arrest, J.T. "admitted that she was in Grand Rapids for prostitution." At a jury trial, Mr. Jackson was convicted three counts of transporting a minor in interstate commerce with the intent that she engage in illegal sexual activity, see 18 U.S.C. § 2423(a), three counts of sex trafficking of a minor, see 18 U.S.C. § 1591(a), and one count of possessing a firearm in furtherance of a crime of violence (sex trafficking of a

minor), see 18 U.S.C. § 924(c). The court sentenced Mr. Seay to an aggregate term of 295 months' imprisonment.

The court of appeals vacated Mr. Jackson's conviction under 18 U.S.C. § 924(c). United States v. Jackson, 865 F.3d 946 (7th Cir. 2016). The United States appealed the court of appeals' decision and petitioned for a writ of certiorari from the United States Supreme Court. United States v. Jackson, No. 15-3693 (7th Cir. 2017). On May 14, 2018, the Supreme Court remanded the case to the Seventh Circuit for further consideration considering its decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). United States v. Jackson, 138 S. Ct. 1983 (2018). The case was briefed and reargued in the court of appeals, but disposition of the appeal was later stayed pending the Supreme Court's decision in United States v. Davis, 588 U. S. \_\_\_ (2019). Id. at R. 82.

## II.  Discussion

Notwithstanding the appellate procedings regarding the single count of possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c), Mr. Jackson now attacks his sentence and conviction by alleging that his venue was improper as the acts connected to his sentence and conviction occurred outside of the Northern District of Indiana. Mr. Jackson also alleges that counsel provided ineffective assistance by not objecting to the improper venue.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Jackson's petition can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Jackson argues that the court should vacate his conviction because venue was improper. He says that since the acts of prostitution occurred outside the Northern District of Indiana the only proper venue would be districts where the prostitution occurred. Because Mr. Bishop didn't challenge venue before trial and didn't raise this issue on direct appeal or provide cause for not doing so, the court can't reach the merits of a collateral attack.

If Mr. Jackson believed that venue was improper, he was required to challenge the indictment before trial. *See* Fed. R. Crim. P. 12(b). Because he didn't challenge the indictment before trial, he waived any suppression argument unless he can show good cause. Fed. R. Crim. P. 12(c)(3); United States v. Cardena, 842 F.3d 959, 988 (7th Cir. 2016). And because Mr. Jackson didn't pursue an appeal on this issue, he can't raise it "on collateral review unless [he] shows cause and prejudice," Massaro v. United States, 538 U.S. 500, 504 (2003), or actual innocence. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017). Since Mr. Jackson offers no cause for not moving to challenge venue

before trial or pursuing an appeal on that issue, so he is barred from raising a claim that his conviction was obtained unconstitutionally. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988.

Mr. Jackson's only other avenues of collateral attack is to argue that his attorneys provided him ineffective assistance of counsel by not challenging venue. To prevail on an ineffective assistance of counsel claim, Mr. Jackson must show both that his attorneys' performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984).

This is a difficult standard to meet. To prevail, Mr. Jackson must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Jackson] of a fair [result]." Strickland v. Washington, 466 U.S. at 687. Mr. Jackson "bears a heavy burden" in proving that his counsel was consitutionally ineffective. Barker v. United States, F.3d 629, 633 (7th Cir. 1993).

There is a strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance.' " Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

Mr. Jackson argues that his counsel was ineffective because his attorney didn't raise any objection to venue of the trial. Mr. Jackson reasons that because testimony showed that none of the crimes were "committed within any judicial district of the State of Indiana", it was improper for him to be tried in the Northern District. Furthermore, in failing to move for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, his counsel fell below Strickland's objectively reasonable level of performance. And lastly, because of his constitutionally ineffective representation, Mr. Jackson was prejudiced. If his counsel had raised the issue of venue, Mr. Jackson argues, "the outcome of [his] trial proceeding would have been different."

If a defendant is unable to satisfy either prong of the Strickland test, then the court does not need to address the matter further. Strickland, 466 U.S. at

697 ("[T]here is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the defendant makes an insufficient showing on one."). "The Seventh Circuit has long held that '[c]ounsel is not ineffective for failing to raise meritless claims.'" United States v. Volpentesta, No. 14 C 50343, 2015 WL 4545215, at *5 (N.D. Ill. July 27, 2015) (citing Warren v. Baenen, 712 F.3d 1090, 1104 (7th Cir. 2013)). "In turn, there can be no resulting prejudice from a failure to raise a meritless issue on appeal." Id. (citing Martin v. Evans, 384 F.3d 848, 852 (7th Cir.2004)).

While the constitution guarantees a right to be tried in the state and district where the alleged crime was committed, *see* U.S. Const. amend. VI, "where the acts constituting the crime and the nature of the crime charged implicate more than one location, the constitution does not command a single exclusive venue." United States v. Muhammad, 502 F.3d 646, 654 (7th Cir. 2007) (quoting United States v. Reed, 773 F.2d 477, 480 (2d Cir.1985)). In fact, for continuing crimes, venue is proper where the crimes began, continued, or were completed. United States v. Tingle, 183 F.3d 719, 726-727 (7th Cir. 1999).

18 U.S.C. §§ 1591(a) and 2423(a) are continuing offenses as defined in Section 3237(a), as they each implicate the transportation of a person in interstate commerce. *See, e.g.*, United States v. Cole, 262 F.3d 704 (8th Cir. 2001) (holding that, under 18 U.S.C. § 3237(a), venue was proper in the federal district from which the victim was transported with the intent to engage her in illegal sexual activity). Because Congress hasn't expressly enacted legislation stating that the only proper venue for these crimes rests where the illegal sex

7

activities occur, Section 3237(a) controls, and prosecution under Sections 1591(a) and 2423(a) is proper in "any district from, through, or into which" the victim was transported. 18 U.S.C. § 3237(a).

Mr. Jackson transported J.T. across state lines for the purposes of prostitution. Though the sex acts didn't take place in northern Indiana, every episode of the illicit activity involved the Northern District of Indiana. Mr. Jackson for met J.T. in South Bend. It was in South Bend that he first convinced J.T. to travel with him for purposes of prostitution. On three separate occasions, Mr. Jackson transported J.T. from South Bend with the intent that she engage in illegal sexual activity, and he twice took her back to South Bend after the crimes had been committed. For these reasons, the Northern District of Indiana was a proper venue for his prosecution under 18 U.S.C. § 3237(a). Mr. Jackson's attorney's decision to not move for acquittal under these grounds not trigger the performance prong of Strickland's ineffective assistance test. Because Mr. Jackson fails the performance prong, there is no need to investigate the claim further, Strickland, 466 U.S. at 697, and the court denies the ineffective assistance claim.

### III. Conclusion

Based on the foregoing, the court DENIES the motion to vacate. [Doc. No. 109.]

SO ORDERED.

ENTERED:  July 29, 2019

                                                /s/ Robert L. Miller, Jr.

                                                Judge, United States District Court